IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

GERALD L. GARRETT,

    Plaintiff,

  v.

BURLINGTON COUNTY JAIL,

    Defendant.

Civil No. 22-5721 (RMB/AMD)

**OPINION**

**RENÉE MARIE BUMB, United States District Judge**

    This matter comes before the Court upon the filing of a prisoner civil complaint (Docket No. 1) by pro se Plaintiff Gerald L. Garrett ("Plaintiff"), a pretrial detainee in Burlington County Jail, in Mount Holly, New Jersey. Plaintiff submitted an application to proceed *in forma pauperis* ("IFP") (Docket No. 2), accompanied by a sworn statement that he provided his IFP application form to the proper supervisor at Burlington County Jail for processing on November 1, 2022, and the IFP application still has not been processed [and returned to him with a certified copy of his inmate trust account statement.] Plaintiff submitted an uncertified copy of his inmate trust account statement (Docket No. 1 at 4) that establishes his financial eligibility to proceed *in forma pauperis*. Therefore, Plaintiff, having taken all necessary steps available to him to properly complete his IFP application in accordance with 28

1

U.S.C. § 1915(a), his IFP application will be granted. (Docket No. 2). For the reasons discussed below, the Court will dismiss the complaint for lack of jurisdiction.

## I. Sua Sponte Dismissal

When a prisoner is granted IFP status and/or files a civil action against government officials or employees, courts must, pursuant to 28 U.S.C. §§ 1915(e)2(B) and 1915A(b), review the complaint and *sua sponte* dismiss any claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.

Courts must liberally construe pleadings that are filed pro se. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Thus, "a pro se complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (internal quotation marks omitted). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"[T]he legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to the legal standard employed in ruling on 12(b)(6) motions." *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556.)  Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. *Id.*  Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Furthermore, pursuant to Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

## II.   DISCUSSION

### A.   The Complaint

The sole defendant named in the complaint is Burlington County Jail. Plaintiff has not asserted a basis for jurisdiction. He alleges that on September 6, 2022,[1] he was in his assigned cell, #204 in D-Wing, when Corrections Officer ("CO") Miller began calling out to the cells as the cell doors opened for breakfast.  When Plaintiff's cell door opened, he began to step out and the door closed on him. Plaintiff yelled several times to CO Miller that he was caught in the door, with no response.  Plaintiff managed to get himself out, but the door caught on his right knee.

---

[1] The date of the alleged incident is taken from an exhibit attached to the complaint, the Declaration of Raymond R. Moriconi III.  (Compl., Docket No. 1 at 2).

Plaintiff's knee started to swell, and he was seen by a nurse who treated him and ordered an x-ray. The x-ray showed a torn meniscus, and the doctor told Plaintiff this was caused by the door closing on his knee. Plaintiff alleges he was injured by a faulty door.

### B. Claims under 42 U.S.C. § 1983

Plaintiff has not asserted a basis for jurisdiction. A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress….

Thus, to state a claim for relief under § 1983, a plaintiff must allege: 1) the violation of a right secured by the Constitution or laws of the United States; and 2) that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255–56 (3d Cir. 1994).

Plaintiff has not alleged a violation of a right secured by the Constitution or laws of the United States. His claim sounds in negligence and, therefore, falls under the New Jersey Tort Claims Act.[2] Without a federal law claim, this Court lacks

---

[2] *See* the New Jersey Tort Claims Act, N.J. Stat. Ann. 59:1-1 *et seq.*

supplemental jurisdiction over New Jersey tort claims.  *See* 28 U.S.C. § 1367(a).

### III. CONCLUSION

For the reasons stated above, the Court will dismiss the complaint for lack of jurisdiction.


An appropriate Order follows.


DATE:  **May 2, 2023**                               s/Renée Marie Bumb
                                                     Renée Marie Bumb
                                                     United States District Judge